FILED'08 MAR 20 09:05USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MORELOCK ENTERPRISES, | ) | CV 04-583-PA |
| | ) | |
| Plaintiff, | ) | **FURTHER RULINGS ON PLAINTIFF** |
| | ) | **MOTIONS IN LIMINE (# 298)** |
| v. | ) | |
| | ) | |
| WEYERHAEUSER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PANNER, Judge.**

Plaintiff's Motion in Limine # 4 is granted. The Class was not a party to the earlier cases, and had no opportunity to participate in those depositions. Weyerhaeuser's proposed interpretation of Fed. R. Evid. 804(b)(1) is contrary to the text of the rule and the legislative history.

The stipulation Weyerhaeuser relies upon speaks only to the effect of the prior Protective Order, not the admissibility of those depositions under Fed. R. Evid. 804(b)(1). The limited scope of that stipulation is apparent when compared to the case management order in <u>Hynix</u>.

Weyerhaeuser may not offer the prior depositions as substantive evidence. Weyerhaeuser may attempt to call these witnesses at trial, with the prior depositions available for

Page 1 - FURTHER RULINGS ON PLAINTIFF MOTIONS IN LIMINE (# 298)

impeachment when appropriate. Weyerhaeuser's transcript designations will serve as its witness statement.

There is no merit to Weyerhaeuser's cross-contention that Rule 804(b)(1) precludes the Class from using sworn testimony from prior proceedings to which Weyerhaeuser was a party.

Weyerhaeuser has now conceded Plaintiff's Motion in Limine # 5, regarding the deposition of Douglas Princehouse in <u>Westwood</u>.

Plaintiff's Motion in Limine # 11 is granted. The depositions or trial testimony of experts in prior cases may not be offered as substantive evidence here unless the party against whom it is offered was a party to that earlier proceeding, Fed. R. Evid. 804(b)(1), and the expert and the opinions were duly disclosed. Nor may the opinion of a non-testifying expert be used as pseudo-impeachment of a different expert, as a means to get in front of the jury the opinion of a non-testifying expert who isn't available to be cross-examined. An expert who testifies at the present trial may be impeached by his or her prior inconsistent testimony.

IT IS SO ORDERED.

DATED this ___20___ day of March, 2008.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE