**R. Stephen Berry**
E-Mail: sberry@berry-baruch.com
**Gregory Baruch**
E-Mail: gbaruch@berry-baruch.com
Berry & Baruch
1717 Pennsylvania Avenue, NW, Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038

Attorneys for Plaintiff Morelock Enterprises, Inc.

**Thomas H. Tongue**, OSB No. 68167
E-Mail: tht@dunn-carney.com
**George J. Cooper**, OSB No. 72056
E-Mail: gjc@dunn-carney.com
Dunn Carney Allen Higgins & Tongue LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204-1357
Telephone: (503) 224-6440
Facsimile: (503) 224-7324

Attorneys for Defendant Weyerhaeuser Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MORELOCK ENTERPRISES, INC.,<br>Plaintiff,<br><br>v.<br><br>WEYERHAEUSER COMPANY,<br><br>Defendant. | No. CV04-583-PA<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE VERDICT AND JUDGMENT, AND TO EXONERATE GUARANTY** |

As a condition of the proposed settlement, the parties have agreed that the underlying Verdict and Money Judgment be vacated and, further, that the related Guaranty from Weyerhaeuser be exonerated. The parties have jointly moved the Court for such an Order, to be entered as part of the order granting final approval of the settlement.

Page 1   MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE VERDICT AND JUDGMENT, AND TO EXONERATE GUARANTY
VacateBrief.doc

Fed. Rules of Civ. P. 60(b) provides the basis for a district court to vacate a judgment:

> On motion and just terms, the court may relieve a party or legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Unless the underlying judgment is vacated, this settlement will fail, and if its post-trial motions are not allowed, defendant will appeal, with the related costs and risks on both sides. As addressed more fully by Class Counsel in the Motion for Preliminary Approval of Settlement, this case involves complex issues of antitrust law, many of which have not been previously addressed by the U.S. Court of Appeals for the Ninth Circuit or the U.S. Supreme Court, with resulting risk on appeal. It is anticipated that resolution of these issues could take several years, particularly in light of the current docket within the Ninth Circuit.

Further, Class Counsel notes in its submissions in support of Preliminary Approval of Settlement that Weyerhaeuser has several times moved for decertification of the Class, and in all likelihood would seek to overturn Class certification on appeal. This is yet another risk associated with maintaining this case as a class action through any appeals.

Through arms-length negotiations, the parties have been able to reach a settlement that, if approved by the Court, will end this lawsuit on terms that bring significant benefits to the Class, and that will bring a proposed finality to the underlying disputes. Defendant has, conditioned on approval, agreed to fund a settlement mechanism by which Class Members will receive significant distributions without undergoing the risks and delays of further post-trial motion practice and appeal.

The Ninth Circuit has encouraged a balancing test to determine whether a judgment should be vacated. In deciding whether to vacate a judgment, district courts must balance "the competing values of finality of judgment and right to relitigation of unreviewed disputes." *See Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F2d 720, 722 (9th Cir 1982); *see also Bates v. Union Oil Co. of California*, 944 F.2d 647, 650 (9th Cir. 1991). The parties to this proposed settlement ask this Court to consider these factors in light of the history of all the alder antitrust cases that have come before this Court. The parties urge that this Court find that this balancing test fully supports an order vacating the underlying judgment.

This Court is familiar with the background of the alder antitrust cases brought against Weyerhaeuser. The initial case, *Ross-Simmons Lumber Co., Inc. v. Weyerhaeuser* (CV 00-1693-PA), was filed in December 2000. It alleged monopolization of both the alder sawlog and lumber markets. Following trial in April 2003, the jury found in favor of certain plaintiffs as to alder sawlog monopolization, but in favor of Weyerhaeuser as to claims of finished alder lumber monopolization. Weyerhaeuser appealed from that part of the judgment which covered the alder sawlog market, and ultimately won a reversal from the U.S. Supreme Court (the case was later resolved by the parties upon remand). The plaintiffs in *Ross-Simmons* did not appeal from the judgment in Weyerhaeuser's favor on the alder lumber market.

Following the jury verdict in the initial case, several other actions were filed by competitor mills, including *Westwood Lumber Company, Inc., et al v. Weyerhaeuser* (CV 03-551-PA), *Coast Mountain Hardwoods, Inc. v. Weyerhaeuser* (CV 03-552-PA; *Washington Alder, LLC v. Weyerhaeuser* (CV 04-753-PA); and *Smith Street Mill, Inc., et al. v. Weyerhaeuser* (CV 04-1049-PA). In the *Washington Alder* matter, the plaintiff raised allegations relating to lumber monopolization, but voluntarily dismissed those claims at trial.

This action was filed in April 2004. It was brought by a purported class of direct purchasers, rather than a competitor mill. As in both *Ross-Simmons* and *Washington Alder*, this case involved a claim that Weyerhaeuser monopolized or dominated a market in alder sawlogs,

by which Weyerhaeuser monopolized or illegally maintained a monopoly in a market for finished alder lumber. Unlike the other cases, in which it was alleged that lumber prices were kept artificially low while log prices where kept artificially high, in this case it was alleged that lumber prices were kept artificially high, and that direct purchasers were damaged as a result. This theory had not been asserted in any of the other related actions. Partly in recognition of this, the Court denied the Class's motion for issue preclusion.

The parties also note that the unique allegations and timeline of critical events in this case make it relatively unlikely to be of assistance to future litigants. Because of the passage of time, it is again relatively unlikely that the judgment in this matter could be used by any future litigant pursuing these types of claims. Importantly, there are no other actions of this nature pending or threatened.

The parties respectfully submit that balancing the competing values of finality of judgment and right to relitigation of unreviewed disputes, vacation of the judgment is strongly justified. There are significant issues that Weyerhaeuser has raised in its post-trial motions that, in the absence of a settlement, would need to be resolved. If those were resolved against Weyerhaeuser, Weyerhaeuser would clearly have the right to have these issues reviewed on appeal. Especially because many of these issues have not previously been addressed by the Supreme Court or the Ninth Circuit, these issues are substantial. At the hearing on the post-trial motions on December 2, 2008, the Court itself indicated that it recognized that there were some serious issues and requested further briefing. 12/02/08 Hearing Transcript at 23:19-22, 24:11-13, 24:24, 26:19-20.

Weyerhaeuser is therefore making a significant sacrifice in forgoing its appeal in the interest of resolving this case. Under the Ninth Circuit's standard, it has a very strong interest in its "right to relitigation of unreviewed disputes." Understandably, Weyerhaeuser would be unwilling to forgo its post-trial and appeal rights if it would result in forfeiting its post-trial and appeal rights not only against Class members in this case as part of a settlement, but also against

Page 4    MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE VERDICT AND JUDGMENT, AND TO EXONERATE GUARANTY
VacateBrief.doc

unknown third parties who could conceivably try to take advantage of the jury verdict to obtain estoppel in their favor in future lawsuits. This means that, unless the judgment is vacated, it will be impossible to settle this case, and Class members will be harmed by losing the benefits of the settlement and being forced to undergo the risks and delays of further post-trial litigation and appeals. This would be contrary to the strong policy in favor of encouraging settlement. *See In re Syncor ERISA Litigation*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

At the same time, the parties do not believe that there is a significant interest in "finality of judgment" sufficient to overcome these strong interests of the parties. Weyerhaeuser *won* at trial against Ross-Simmons on the lumber market, a fact that significantly reduces the likelihood that a third party would be allowed to use the *Morelock* verdict for estoppel purposes.

Moreover, because there are significant post-trial and appeal issues here, it would be an unjustified boon to future third parties to allow them to use the verdict in this case when, because of the settlement, Weyerhaeuser will never have had a fair opportunity to obtain post-trial and appellate review of that verdict.

Finally, as a practical matter, if estoppel *were* granted in a future case, the real victims may well be the Class and the judicial system -- because the Settlement Agreement provides that until the final settlement amounts are paid by Weyerhaeuser, if a court imposes estoppel against Weyerhaeuser based on the verdict and judgment in this case, Weyerhaeuser will be able to rescind the settlement. *See* Settlement Agreement ¶ 36(b).

Thus, the parties believe that the Court's interest in settlement is strong, and should be a compelling factor in the *Ringsby* balancing test. Meanwhile, the interest in finality of the judgment is relatively weak, in light of the fact that the Court has not ruled on post-trial motions, no appeal has yet been heard, and there was a prior inconsistent verdict in *Ross-Simmons*. Accordingly, the parties submit that the *Ringsby* analysis strongly favors vacation of the verdict and judgment.

Page 5    MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE VERDICT AND JUDGMENT, AND TO EXONERATE GUARANTY
VacateBrief.doc

As a related issue, these parties also ask that the Court exonerate a certain Guaranty issued by Weyerhaeuser in favor of plaintiff. With the vacation as requested by the parties, such Guaranty will no longer be necessary.

DATED this 15th day of June, 2009.

        BERRY & BARUCH

        [s]
        R. Stephen Berry
        E-Mail: sberry@berry-baruch.com
        Gregory Baruch
        E-Mail: gbaruch@berry-baruch.com

        Attorneys for Plaintiff Morelock Enterprises, Inc.

        DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

        [s]
        Thomas H. Tongue, OSB No. 681676
        Email: tht@dunn-carney.com
        George J. Cooper, OSB No. 720563
        E-Mail: gjc@dunn-carney.com

        Attorneys for Defendant Weyerhaeuser Company