Stephen F. Crew, OSB No. 78171, stevec@oandc.com
O'DONNELL, CLARK & CREW LLP
Fremont Place, Suite 302
1650 NW Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224
Telecopy: (503) 306-0257

R. Stephen Berry, D.C. Bar No. 234815, sberry@berry-baruch.com
BERRY & BARUCH
1717 Pennsylvania Ave. NW, Suite 450
Washington, DC  20006-1809
Telephone: (202) 296-3020
Telecopy: (202) 296-3038
(Other Counsel Listed on Signature Page of Accompanying Motions)
        Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**MORELOCK ENTERPRISES,**

    **Plaintiff,**

                                 **Civil No. 3:04-cv-00583-PA**

**WEYERHAEUSER CO.**

    **Defendant.**

### SUPPLEMENTAL SUBMISSION IN SUPPORT
### OF MOTIONS RELATING TO SETTLEMENT

### No Objections Have Been Filed

Class Counsel are pleased to report that not a single objection of any sort has been filed in

connection with the settlement or the requests for fee and cost awards.  Under the terms of the

Court's Order Granting Preliminary Approval of Settlement (May 20, 2009) and the Notice of

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF**
**MOTIONS RELATING TO SETTLEMENT - Page 1**

Proposed Settlement, Class Members were required to file any objections by June 29, 2009.

The lack of objections is significant. There are more than 400 Class Members, who are not consumers but sophisticated businesses. Notice was made not by publication (as in many consumer class actions), but by mailing a copy by prepaid first-class mail to the last known address of each Class Member. Thus, the vast majority of Class Members received actual notice. Moreover, the Notice of Proposed Settlement provided specific notice of all of the motions listed above. The motions themselves were available to Class Members on Berry & Baruch's website (www.berry-baruch.com), to which the proposed Notice directed Class Members.

The Ninth Circuit has identified "the reaction of the class members to the proposed settlement" as an important factor to be considered in deciding whether to approve a class settlement. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Class Counsel submit that the absence of objections provides further strong support for the proposed settlement.

## Absence of Objections to Proposed Awards of Attorneys' Fees, Costs, and Class Representative Incentive Award

The fact that no class member saw fit to object to the requested attorneys' fee and cost awards, or the proposed class representative incentive award, provides further significant support for granting those requests. Indeed, this conclusion is considerably stronger in this case than in most other class settlements in which no objections are filed. First (as noted earlier), this is not a consumer class but a business class, with numerous sophisticated class members who received actual mailed notice (rather than notice by publication). The Notice of Proposed Settlement prominently

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF**
**MOTIONS RELATING TO SETTLEMENT - Page 2**

Berry & Baruch
1717 Pennsylvania Ave., NW Suite 450
Washington, DC 20006-1809

featured the actual amounts sought, *see id.* at 5, and the very title and first paragraph of the Notice included references to the requests for attorneys' fees and expenses and class representative incentive fee. *Id.* at 1.

Second, class members had an unusually full basis to decide whether to make objections. Usually, in a class settlement, class members are entirely on their own in evaluating counsel's request for fees and costs and for a class representative incentive award. Here, by contrast, there was a full record permitting Class Members to evaluate these requests in detail.

Class Counsel submitted motions for awards of fees, costs, and a class representative incentive award after trial and before settlement, and these motions were vigorously contested by Weyerhaeuser, which had every incentive to be aggressive and thorough in its objections. All of these submissions – including Weyerhaeuser's briefs and supporting affidavits – were made available to the Class on Berry & Baruch's website. Moreover, Class members were specifically informed of the fact that copies of the briefs on fees, costs, and incentive award were available on Class Counsel's website. Notice of Proposed Settlement at 5. Thus, Class Members had an unusually detailed basis on which they could evaluate Class Counsel's request for costs and fees and for a class representative incentive award and make objections if they wished.

<u>**Recovery of Costs**</u>

As discussed in previous submissions, the cost expenditures for which Class Counsel seek reimbursement involve expenditures actually made by Class Counsel in this contingent case, in which Class Counsel knew that they would lose the entire amount unless the case resulted in a recovery for the Class. As a result, Class Counsel had every incentive to keep costs low and to make

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTIONS RELATING TO SETTLEMENT - Page 3**

Berry & Baruch
1717 Pennsylvania Ave., NW Suite 450
Washington, DC 20006-1809

sure they were reasonable and necessary to the case. Moreover, two-thirds of the costs (or more than $1.2 million[1]) were expert witness fees – which were clearly necessary to the prosecution of a complex class antitrust case and which were only about *one-fifth* of what Weyerhaeuser itself spent on expert witness fees in this case alone. *See* Trial Transcript at 1567, 1791, 1917, 2023, 2245 (indicating that Weyerhaeuser spent approximately $6 million on expert witness fees in *Morelock* case, not including amounts expended in prior related cases).

Many of the remaining costs were for uncontroversial items such as depositions and trial transcripts; and all of the remaining costs were necessary to the presentation of the case and were standard costs typically expended by counsel in complex litigation. *See* Baruch 4th Decl. at 2-5. Class Counsel respectfully submit that denying recovery of such costs would significantly discourage future class counsel trying to decide whether to bring a meritorious class action on a contingent basis.

Weyerhaeuser presented detailed criticisms of Class Counsel's travel expenses in Exhibit A of George J. Cooper's Affidavit in Support of Defendant's Opposition to Plaintiff Class' Bill of Costs and Motions for Award of Attorneys' Fees and Costs (June 13, 2008). As noted above, since there was no settlement at that point, Weyerhaeuser had a strong incentive to be as aggressive as possible in submitting objections. In response to these criticisms, Class Counsel agreed to withdraw requests for $9,910.11 (*see* Baruch 4th Decl. at 2) and provided detailed responses on every other item. *See* Class Reply Brief in Support of Bill of Costs and Motions for Attorneys' Fees and Costs (June 27, 2008), and Exhibits A-D thereto (Declarations of R. Stephen Berry, J. Daniel Leftwich,

---

[1]    *See* Fourth Declaration of Gregory Baruch Relating to Costs and Fees (June 15, 2009) ("Baruch 4th Decl.") at 6.

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF**
**MOTIONS RELATING TO SETTLEMENT - Page 4**

Berry & Baruch
1717 Pennsylvania Ave., NW Suite 450
Washington, DC  20006-1809

Gregory Baruch (Second Declaration), and Helene C. Ross, setting forth responses in detail on specific cost items). (All of these submissions, including Weyerhaeuser's, were available on Berry & Baruch's website.)

As those submissions make clear, on occasions when counsel flew first-class, they have made an effort to *reduce* the costs claimed from the Class to the standard market rates for coach fare. Similarly, although there are some instances in which counsel stayed at expensive or "luxury" hotels, they have made an effort in such instances to reduce the cost claim to the standard market rate for standard business hotels. Similarly, personal charges such as those for in-hotel movies have been deleted.[2] As noted above, for all items as to which Weyerhaeuser raised questions, Class Counsel's Declarations either withdrew the claim or provided a detailed explanation. Thus, Class Counsel have sought to ensure that the costs claimed are moderate and reasonable.

### Conclusion

The following motions are pending before the Court:

(1)    The Class's Consent Motion for Final Approval of Settlement.

(2)    Class Counsel's Consent Motion for Award of Fees and Costs. This motion seeks an award of attorneys' fees in the amount of 35% of the common fund in this case, or $6,912,500; as well as $1,857,412 in reimbursement of costs actually expended in this case (with a further $60,000 to be reserved for Settlement Administrator

---

[2]    With regard to dining expenses connected with travel, total dining costs for all counsel and the class representative combined – over five years and including those for a two-week trial – were $10,576. This is only one half of one-percent of the total costs sought in this case, and less than 10% of the total travel costs sought.

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF**
**MOTIONS RELATING TO SETTLEMENT - Page 5**

Berry & Baruch
1717 Pennsylvania Ave., NW Suite 450
Washington, DC  20006-1809

costs).

(3)    The Class's unopposed Renewed Motion for Award of Class Representative Incentive Fee to Morelock Enterprises, in the amount of $150,000.

(4)    The parties' Joint Motion to Vacate Verdict and Judgment and to Exonerate Guaranty, which are essential conditions of the settlement.

In previous submissions, Class Counsel have already provided the reasons for granting these motions. The fact that no Class Member has objected in whole or part to any of those motions provides further reason for granting them. Accordingly, Class Counsel respectfully submit that the motions should be granted in their entirety.

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTIONS RELATING TO SETTLEMENT - Page 6**

Berry & Baruch
1717 Pennsylvania Ave., NW Suite 450
Washington, DC  20006-1809

Dated: July 17, 2009

KARNOPP PETERSEN LLP
William F. Buchanan
OSB No.93222, wfb@karnopp.com
Josh Newton
OSB No.98308
Riverpointe One
1201 NW Wall Street, Suite 300
Bend, Oregon 97701-1957
Telephone: (541) 382-3011
Telecopy: (541) 388-5401
Web: www. karnopp.com


O"DONNELL, CLARK & CREW LLP
Stephen F. Crew
OSB No. 78171, stevec@oandc.com
Mark. P. O'Donnell
OSB No. 68119, arm@oandc.com
Fremont Place, Suite 302
1650 NW Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224
Telecopy: (503) 306-0257
Web: lawyers.com/odonnell& clark

Respectfully submitted,

BERRY & LEFTWICH

By: /s/ _____

R. STEPHEN BERRY
D.C. Bar No. 234815
sberry@berry-baruch.com
Gregory Baruch
D.C. Bar No. 420137
gbaruch@berry-baruch.com
J. Daniel Leftwich
D.C. Bar No. 428134
dleftwich.law@gmail.com
1717 Penna. Ave., NW Suite 450
Washington, DC 20006-1809
Telephone: (202) 296-3020
Telecopy: (202) 296-3038
Web: berry-leftwich.com
email:

**Class Counsel**

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF
MOTIONS RELATING TO SETTLEMENT - Page 7**

## CERTIFICATE OF SERVICE

Gregory Baruch certifies that the foregoing was served via email on Defendants' counsel of record through the Court's electronic filing system.

/s/_____
Gregory Baruch

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF**
**MOTIONS RELATING TO SETTLEMENT - Page 8**

Berry & Baruch
1717 Pennsylvania Ave., NW Suite 450
Washington, DC  20006-1809